IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| A+ CARE SOLUTIONS, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), Title I of the Americans with Disabilities Act of 1990, 42 U.S. C. Section 12112, and Title I of the Civil Rights Act of 1991.  This action seeks to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Brittany Brown (Brown) and a class of aggrieved women who were adversely affected by such practices.

Plaintiff Equal Employment Opportunity Commission contends Defendant A Plus Care Solutions Inc., discriminated against Brown and a class of aggrieved women on the basis of sex and pregnancy when it promulgated and enforced a pregnancy policy which automatically terminated pregnant women's employment at the fifth month of pregnancy regardless of ability to work. Defendant also failed to post, and keep posted, notices prepared or approved by the Commission which set forth excerpts or summaries of pertinent provisions of Title VII and information pertinent to filing charge or complaint. Defendant also failed to segregate medical information from personnel files as required by the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 12203(a)-(b), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and Title I of the ADA and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant, A+ Care Solutions, Inc., (the "Defendant Employer"), has continuously been a Tennessee corporation doing business in the State of Tennessee and the cities of Jackson and Memphis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this lawsuit, Brown filed a charge with the Commission alleging violations of the Title VII and the Pregnancy Discrimination Act (PDA) by Defendant Employer.

8. On May 30, 2018, the Commission issued to Defendant Employer a Letter of Determination, finding reasonable cause to believe Title VII, the PDA, and the ADA were violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement that was acceptable to the Commission.

11. On July 26, 2018, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM OF BRITTANY BROWN

13. Since at least December 2010, Defendant Employer has engaged in unlawful employment practices in Jackson and Memphis Tennessee in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a) and Title I of the ADA, Sections 102(a).

14. The unlawful employment practices involved terminating the employment of Brittany Brown because of her sex (pregnancy).

   (a) Defendant Employer supplies direct support professionals (DSPs) in the greater Memphis and Jackson, Tennessee area to disabled clients who receive TennCare benefits.

   (b) TennCare is Tennessee's Medicaid program. Defendant Employer's DSPs provide daily living assistive services to the clients.

   (c) Clients served by Defendant Employer's DSPs have a range of behavioral issues and assistive living needs. Some clients have no behavioral issues and low assistive living needs. Other clients have significant behavioral issues and require assistive care 24 hours a day.

   (d) Brittany Brown was hired as a DSP by Defendant Employer in Memphis, Tennessee around November 1, 2016.

   (e) During orientation, Defendant Employer required Brown and all female DSPs to sign a company policy on pregnancy (pregnancy policy) with the following language:

   > You can no longer work after your fifth month of pregnancy. This is due to the population of individuals that we service. There is a high risk for all involved. Failure to report this may lead to termination and this will relieves [sic] A Plus Care Solutions from any responsibility due to the lack of communication. By signing below you agree to the above policy and you have a complete understanding of this.

   (f) Defendant Employer has required female DSPs to sign the pregnancy policy as a condition of employment since 2010, when Defendant Employer began operating.

   (g) During orientation, Defendant Employer required all DSPs to sign a company

Equal Employment Opportunity Statement. Defendant Employer's Equal Employment Opportunity Statement omits pregnancy and sex as protected categories.

(h) On or about the fall 2017, Defendant Employer instituted a new pregnancy policy with the following language:

> Due to A Plus Care Solutions Inc. Policies and Procedures, no employee is able to work after their fifth month of pregnancy due to the nature of individuals we serve if light duty isn't available. A light duty position was sought but, was not obtainable therefore: staff will be placed on maternity leave. This is due to the population of individuals we service and the many risks for everyone involved. By signing this document, I am reporting to upper management that I am pregnant and approaching my fifth month of pregnancy. I, _____, understand the potential risk I am putting myself and my unborn child in by continuing to work after my fifth month of pregnancy. By giving my consent to continue working, A Plus Care Solutions will not be liable for any accidents and will be relieved from any responsibility regarding any accidents taken place during hours worked here at A Plus Care Solutions. By signing below I agree to the above policy and I have complete understanding with everything entailed.

(i) Defendant Employer only required female employees to sign the pregnancy policy.

(j) Brown signed the pregnancy policy on November 11, 2016.

(k) When Brown signed the pregnancy policy she did not know she was pregnant.

(l) Brown learned about her pregnancy around January 31, 2017, but she did not report her pregnancy to Defendant Employer.

(m) On or about March 2017, Brown's supervisor, Darnell Lanton, told Brown he had heard a rumor she was pregnant.

(n) On or about March 25, 2017, House Manager Turquoise Whitaker told Brown Defendant Employer would not permit Brown to work due to her pregnancy.

(o) Defendant Employer removed Brown from the schedule because of her sex and pregnancy and in reliance on its pregnancy policy.

(p) Brown believed she was physically capable of performing the DSP position when

5

Defendant Employer removed her from the schedule.

(q) After removing Brown from the schedule, Defendant Employer issued Brown a separation notice. The separation notice read:

> Company policy states that an employee cannot work after 5 months of pregnancy. Brittany Brown was placed on maternity leave due to being 5 months pregnant and will be able to return to work once the Doctor releases her to return to normal activities.

(r) Brown delivered her baby on May 23, 2017.

15. The effect of the practices complained of in Paragraph 14 has been to deprive Brown of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female and pregnancy.

16. The unlawful employment practices complained of in Paragraph 14 were and are intentional.

17. The unlawful employment practices complained of in Paragraph 14 above were and are done with malice or with reckless indifference to the federally protected rights of Brown

## STATEMENT OF CLAIM OF CLASS MEMBERS

18. Between 2016 and 2017, Defendant Employer required more than 75 female DSPs to sign the pregnancy policy set forth in Paragraph 14(e) as a condition of employment.

(a) Kierra Dotson-Anderson (Dotson-Anderson) was hired by Defendant Employer as a DSP in March 2014. Dotson-Anderson signed the pregnancy policy.

(b) In November 2016, Defendant Employer removed Dotson-Anderson from the schedule because of her sex and pregnancy and in reliance on its pregnancy policy.

(c) In May 2017, Dotson-Anderson contacted Defendant Employer to return to work. Defendant Employer scheduled Dotson-Anderson for training and drug tests, as if she were a new employee. After Dotson-Anderson completed training and drug testing, Defendant

6

Employer did not return her to work.

(d) Shaneka Brown (S. Brown) was hired by Defendant Employer as a DSP in June 2016. S. Brown signed the pregnancy policy.

(e) In January 2017, Defendant Employer removed S. Brown from the schedule because of her sex and pregnancy and in reliance on its pregnancy policy. In June 2017, Defendant Employer allowed S. Brown to return to work.

(f) Robin Douglass (Douglass) was hired by Defendant Employee as a DSP in July 2013. Douglass signed the pregnancy policy.

(g) In 2014, Defendant Employer removed Douglass from the schedule because of her sex (pregnancy) and in reliance on its pregnancy policy. In May 2015, Defendant Employer allowed R. Douglass to return to work.

19. The effect of the practices complained of in Paragraph 18 has deprived Dotson-Anderson, S. Brown, and Douglass, and a class of other aggrieved women, of equal employment opportunities and adversely affected each woman's status as an employee because of her sex and pregnancy.

20. The enactment of the facially discriminatory policy described in Paragraph 14(e), (f), and (h) represents a continuing violation for as long as the policy remains in effect.

21. The unlawful employment practices complained of in Paragraph 18 were and are intentional.

22. The unlawful employment practices complained of in Paragraph 18 were and are done with malice or with reckless indifference to the federally protected rights of a class of female DSP employees.

## STATEMENT OF CLAIM OF FAILURE TO POST TITLE VII NOTICE

23. Since at least November 9, 2017, Defendant Employer has willfully failed, in violation of Section 711(a) and (b) of Title VII, 42 U.S.C. § 2000e-10(a) and (b), to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

(a) During the onsite investigation of the charge of discrimination, Defendant Employer's facility in Memphis lacked the notice poster.

(b) Defendant Employer is required to keep posted the notice poster.

## STATEMENT OF CLAIM OF FAILURE TO SEGREGATE MEDICAL AND PERSONNEL RECORDS

24. Since at least November 9, 2017, Defendant Employer has failed to segregate medical information from other information in personnel files in violation of 42 U.S.C. § 12112(d) and 29 C.F.R. §1630.14 of the Americans with Disabilities Act.

(a) During the onsite investigation, EEOC staff observed that Defendant Employer failed to segregate medical and personnel files.

(b) Defendant Employer is required to segregate medical and personnel files.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in acts of sex and pregnancy discrimination.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to modify its policies, practices, and procedures as necessary to bring its employment practices into compliance with Titles I and V of the ADA and their accompanying regulations.

D.     Order Defendant Employer to make whole Brittany Brown, Kierra Dotson-Anderson, Shaneka Brown, and Robin Douglass, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

E.     Order Defendant Employer to make whole Brittany Brown, Kierra Dotson-Anderson, Shaneka Brown, and Robin Douglass by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 14 and 18, including relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

F.     Order Defendant Employer to make whole Brittany Brown, Kierra Dotson-Anderson, Shaneka Brown, and Robin Douglass by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 14 and 18 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.  Order Defendant Employer to pay Brittany Brown, Kierra Dotson-Anderson, Shaneka Brown, and Robin Douglass punitive damages for its malicious and reckless conduct, as described in Paragraphs 14 and 18 in amounts to be determined at trial.

H.  Order Defendant Employer to compensate the class of aggrieved women who were required to sign the discriminatory pregnancy policy described in Paragraph 14, were required to disclose their pregnancy under the policy, and/or were placed on involuntary unpaid maternity leave.

I.  Order Defendant Employer to post and keep posted the notices required by Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a) and assess appropriate civil fines against the Defendant pursuant to Section 711(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-10(b).

J.  Order Defendant Employer to collect and maintain on separate forms and in separate medical files information obtained regarding the medical condition or medical history of applicants and employees.

K.  Grant such further relief as the Court deems necessary and proper in the public interest.

L.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

s/ Camille A. Monahan
CAMILLE A. MONAHAN
Trial Attorney
WI Bar No. 1056755
camille.monahan@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1407 Union Avenue, Ste. 900
Memphis, TN 38104
(901) 544-0140