IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 1:18-cv-01188-JDB-jay<br>) |
| and | )<br>) |
| BRITTANY BROWN, | )<br>) |
| Intervenor Plaintiff, | )<br>) |
| v. | )<br>) |
| A+ CARE SOLUTIONS, INC., | )<br>) |
| Defendant. | ) |

## CONSENT DECREE

Plaintiff, United States Equal Employment Opportunity Commission ("Commission" or "EEOC"), Intervenor Plaintiff Brittany Brown, and Defendant A+ Care Solutions, Inc. ("APCS") jointly submit this Consent Decree (the "Decree") for the Court's approval to resolve this lawsuit filed under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"). The parties represent to the Court that they have consulted, negotiated. and mediated in

good faith to resolve all claims to the satisfaction of all concerned.

## I. INTRODUCTION

The Commission, an agency of the United States of America, has been authorized by Congress to enforce federal laws prohibiting employment discrimination in the workplace. This lawsuit represents the Commission's intent to enforce Title VII, the Pregnancy Discrimination Act, and the ADAAA.

In this lawsuit, the Commission alleges APCS subjected Intervenor Plaintiff Brown and a class of other females to a facially discriminatory pregnancy policy based on their sex and pregnancy. Specifically, the Commission alleges that APCS instituted and enforced a pregnancy policy which automatically terminated pregnant females' employment when they reached the fifth month of their pregnancy irrespective of their ability to work. The Commission also alleges APCS failed to post, and keep posted, notices prepared or approved by the Commission which set forth excerpts of certain provisions of Title VII and information relating to the filing of charges of discrimination. Finally, the lawsuit alleges APCS failed to segregate medical information from personnel files as required by the ADAAA.

After examining the terms and conditions of this Decree, and based on the pleadings, record, and stipulations of the Commission, Brown, and APCS, the Court finds the terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree furthers the objectives of Title VII and adequately protects the rights of the Commission, Brown, APCS, the allegedly aggrieved persons, and the public interest. It is hereby ORDERED, ADJUDGED AND DECREED:

## II. SCOPE OF DECREE

1. This Decree resolves all issues and claims in the Complaint filed by the Commission which emanated from the Charge of Discrimination filed by Brown. This Decree, along with the letter to be issued by the Commission detailing the allocation of payments to the claimants pursuant to Paragraph 13, represent the sole documents to which the parties reached an agreement. This Decree in no way affects the Commission's right to process any other pending or future charges that employees may file against APCS and to commence civil actions on any such charges.

## III. EFFECTIVE DATE AND DURATION OF DECREE

2. This Decree shall become effective immediately upon entry by the Court and shall remain in effect for the duration of two years after the Effective Date.

## IV. JURISDICTION

3. This Court has jurisdiction over the Commission, Brown, and APCS and the subject matter of the case. The Court will retain jurisdiction over this Decree for the purposes of enforcement. Neither the Commission, Brown, nor APCS shall contest either the jurisdiction of this Court to enter or enforce this Decree or the rights of the Commission to monitor APCS's compliance with the Decree and to bring an enforcement action in the event APCS fails to comply with the terms of the Decree.

## V. NON-ADMISSION CLAUSE

4. This Decree shall not constitute an admission, adjudication, or finding on the merits of the case. APCS expressly denies violating Title VII, the ADAAA, or any other statute or law.

## VI.  INJUNCTIVE RELIEF

5. APCS is enjoined from:

   a. requiring pregnant employees to disclose their pregnancy;

   b. requiring female employees to sign a pregnancy policy requiring their removal from the workplace after their fifth month of pregnancy; and

   c. removing pregnant employees from the work schedule because of their sex and pregnancy;

6. APCS is enjoined from retaliating against any current or former employee or applicant of APCS because he or she:

   a. opposes discriminatory practices made unlawful under Title VII;

   b. files a charge of discrimination or assists or participates in the filing of such a charge; or

   c. assists or participates in an investigation or proceeding brought under the federal laws prohibiting discrimination or retaliation.

## VII. MONETARY RELIEF

7. In settlement of all monetary claims of the Commission's Complaint, APCS shall pay a total of $200,000.00 over a twenty-four month term. The Commission will define the "claimants" and the terms of the individual payments to the claimants pursuant to Paragraph 13.

8. APCS shall make a lump sum payment of $50,000.00 to the claimants no later than twenty days after the entry of this Decree subject to the limitations of Paragraph 13. For purposes of this Decree, the term "claimants" is defined as all

persons identified by the Commission pursuant to Paragraph 13 as receiving monetary relief pursuant to this Decree.

9. APCS shall pay the remaining $150,000.00 to the claimants by means of monthly installments in the amount of $6,250.00 per month.

10. APCS shall mail each monthly payment no later than the fifth day of each month of the twenty-four month term.

11. Antonio White, APCS' Chief Executive Officer, shall personally guarantee the last six months' payments of the twenty-four month term of payment, THIRTY-SEVEN THOUSAND, FIVE HUNDRED DOLLARS ($37,500.00). *See* Guaranty of Future Payments annexed to this Decree as Appendix C.

12. Allocation of settlement monies for each claimant in this case shall be at the sole discretion of the Commission.

13. The Commission shall issue a letter to APCS detailing the allocation of payments to the claimants under this Section no later than ten days after the entry of this Decree. APCS's obligation to make payments to claimants under this Decree shall not commence until it receives this letter from the EEOC.

14. This Court shall retain jurisdiction under this Decree until all amounts due have been paid or caused to be paid.

## VIII. METHOD OF PAYMENT

15. The Commission shall provide a list identifying the amounts to be paid to each claimant, along with relevant identifying information pursuant to Paragraph 13 of this Decree. Within twenty business days of the Effective Date, APCS shall send

a check(s) totaling $50,000.00 for the initial lump sum payment via United States Postal Service certified mail or Federal Express directly to each of the identified claimants as identified by the EEOC pursuant to Paragraph 13.

16. APCS shall prepare and distribute Form 1099 or equivalent form(s) to each claimant and make the appropriate reports to the Internal Revenue Service and other tax authorities.

17. On the same day(s) as when APCS mails the checks and 1099 form(s) to the claimants, APCS shall transmit a copy of each check and any accompanying correspondence via email to the Commission at EEOC-MEDO-decree-monitoring@eeoc.gov.

18. Late payment of a check shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961. So long as APCS has mailed a payment/check pursuant to the terms of this Decree, the payment/check shall not be late and subject to the accrual of interest pursuant to this paragraph.

19. As a condition of receiving payment, each claimant will execute the form Release attached hereto as Appendix A.

IX. EMPLOYMENT REFERENCES

20. In the event APCS receives an inquiry from any prospective employer concerning the claimants, APCS shall refrain from providing negative references and limit employment reference inquiries to:

    a. verifying whether the identified claimant was employed by APCS;

    b. verifying the time period of such employment;

      c. providing a statement identifying the claimant's job title and job duties and stating that she is eligible for rehire; and

      d. refrain from referencing any charge of discrimination or this case.

21. APCS's response to any prospective employer concerning the claimants shall remain permanent and is not limited to the duration of this Decree.

22. APCS shall change any terminations to voluntary resignations for individuals identified by the Commission as claimants pursuant to Paragraph 13 and reflect such changes in any personnel file within ten days of APCS's receipt of the letter from the EEOC defining claimants pursuant to Paragraph 13.

## X.  PURGING OF PERSONNEL FILE

23. APCS will remove all documents related to this case from the claimants' (as defined by the EEOC pursuant to Paragraph 13) personnel files, including the charge of discrimination, the notice of charge, and all correspondence and investigative information directed to and from the Commission relating to her charge.

24. Within ten business days from APCS's receipt of the letter from the EEOC defining claimants pursuant to Paragraph 13, APCS shall confirm in writing to the Commission at EEOC-MEDO-decree-monitoring@eeoc.gov that APCS met the requirements of this Section.

## XI. LETTERS OF APOLOGY

25. Within twenty business days of APCS's receipt of the letter from the EEOC defining claimants pursuant to Paragraph 13, APCS's Chief Executive Officer shall provide each claimant with a letter of apology.  The letters of apology shall

express APCS's regret for the treatment of the claimants and express the company's commitment to respecting the rights of its employees regardless of their race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information.

26. Each claimants' acceptance of the Monetary Relief set forth in Sections VII and VIII above shall constitute her concurrent acceptance of the content of the letter described herein, and neither the claimant nor the Commission may use this letter or its content as evidence against APCS in this or any future action.

## XII. NOTICES OF POLICY RESCISSION

27. Within ten business days after the entry of this Decree by the Court, APCS shall distribute a written notification to all employees that it has rescinded its policy prohibiting women from working after the fifth month of pregnancy.

28. APCS shall contemporaneously transmit a copy of each notification via email to the Commission at EEOC-MEDO-decree-monitoring@eeoc.gov.

## XIII. REVIEW OF POLICIES AND PROCEDURES BY EQUAL EMPLOYMENT OPPORTUNITY CONSULTANT

29. Within sixty days after the entry of this Decree, APCS shall retain an Equal Employment Opportunity Consultant ("EEO Consultant") to assist APCS with reviewing and, if necessary, revising its disability, discrimination, harassment and retaliation policies. The Commission will accept APCS's current legal counsel in this cause of action as such an EEO Consultant.

## XIV. REVISION OF POLICIES AND PROCEDURES

30. Within one hundred and fifty days after the entry of this Decree, APCS, with the assistance of its EEO Consultant, shall review and, if necessary, revise its

policies and procedures to ensure compliance with federal equal employment opportunity laws and regulations.

## XV. TRAINING

31. During the duration of this Decree, APCS shall provide annual training sessions to its executive employees, including the Chief Executive Officer, and human resources personnel on the requirements of Title VII, the Pregnancy Discrimination Act of 1978, and the ADAAA.

32. Each training shall be conducted by means of live, in-person sessions and last at least two hours in duration.

33. Prior to conducting any training, APCS's Chief Executive Officer will open the training session in person or by means of a video recording. The Chief Executive Officer will participate as follows:

   a. introduce the trainer;
   b. state that APCS seeks to create a workplace free of discrimination, including pregnancy discrimination; and
   c. convey APCS's policy of non-retaliation for individuals who oppose acts made unlawful by federal equal employment opportunity (EEO) laws and individuals who participate in protected activity under federal EEO laws.

34. Within ten days after each mandatory training session, APCS shall provide the Commission with a signed roster of all executive employees and human resources personnel who attended the training and certify that APCS's executive

employees and human resources personnel have been trained. APCS shall transmit this information via email to the Commission at EEOC-MEDO-decree-monitoring@eeoc.gov.

### XVI. NOTICE POSTERS

35. APCS shall post and cause to remain posted the notice posters required by 29 C.F.R. § 1601.30 and 42 U.S.C. § 2000e-10.

36. Within ten business days after the entry of this Decree, APCS shall post same-sized copies of the Notice attached as Appendix B to this Decree in a conspicuous place where employees' notices are posted. This Notice shall be posted throughout the term of this Consent Decree.

37. Should the Notice become defaced, marred, or otherwise made unreadable, APCS will post a readable copy of the Notice in the same manner as soon as practicable.

### XVII. MEDICAL RECORDS

38. APCS shall conduct a review to ensure that medical and personnel records are not co-mingled pursuant to 42 U.S.C. § 12112(d)(3)(B) and 29 C.F.R. § 1630.14(b)(1).

### XVIII. COMPLIANCE REVIEWS

39. The Commission may monitor APCS's compliance with this Decree, with fifteen business day notice, by:

    a. examining documents or other records required to be made or kept by this Decree;

    b. interviewing APCS's employees and management officials concerning the requirements of and compliance with this Decree;

    c. inspecting any facility where APCS's employees and/or management officials work; and

    d. requiring APCS to submit written reports concerning its compliance with this Decree.

## XIX. DISPUTE RESOLUTION

40. If the Commission, at its sole discretion, finds that APCS has failed to comply with the Decree, the Commission shall provide APCS notice of the failure and allow it a period of fifteen business days from the receipt of the notice to comply. If, after the fifteen-business-day period has expired, APCS has failed to comply, the Commission may then petition this Court for relief. Such relief may include further permanent or temporary injunctions, monetary relief, costs, and/or penalties for contempt of court.

## XX. NOTIFICATION OF SUCCESSORS

41. During the duration of this Decree, prior to any sale, merger, or consolidation of the company, APCS shall provide any successors, assigns, subsidiaries, affiliates, or other corporation or entity that acquires APCS with notice and a copy of this Decree. Upon sale, merger or consolidation, the successors, assigns, acquiring entities, or surviving entities shall be fully liable for complying with the terms of the Decree. APCS shall provide notice to the Commission forty-five days prior to any assignment, succession, acquisition, merger, or consolidation affecting

11

APCS.

## XXI. COSTS, EXPENSES AND ATTORNEYS' FEES

42. Each party to this Decree shall bear its own expenses, costs, and attorneys' fees.

## XXII. MISCELLANEOUS PROVISIONS

43. Unless otherwise stated, all notices, certifications, reports, or other communications that this Decree requires the Commission and APCS to exchange shall be in writing and transmitted as follows:

   a. To the Commission, via electronic mail to EEOC-MEDO-decree-monitoring@eeoc.gov; and

   b. To APCS, via electronic mail to Geoffrey A. Lindley, glindley@raineykizer.com.

44. Modifications of this Decree must be approved by the Court.

45. If APCS's contact information changes, it will notify the Commission of such change within ten business days.

IT IS SO ORDERED this 28th day of August 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY BY THE PARTIES:**

| | |
|---|---|
| **FOR PLAINTIFF**: | **FOR PLAINTIFF-INTERVENOR**: |
| */s/ Faye A. Williams* | */s/ A. Ryan Simmons* |
| **FAYE A. WILLIAMS** | **A. RYAN SIMMONS** |
| Regional Attorney | **JONATHAN A. STREET** |
| Tennessee Bar No. 011730 | |
| | **THE EMPLOYMENT LAW GROUP** |
| */s/ Jason P. Bailey* | 525 4th Avenue South |
| **JASON P. BAILEY** | Nashville, TN 37210 |
| Trial Attorney | Tel: (615) 850-00632 |
| Arkansas Bar No. 2015228 | |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
1407 Union Avenue, Suite 900
Memphis, TN 38104
Tel: (901) 544-0158
Email: jason.bailey@eeoc.gov

**FOR DEFENDANT**:

*/s/ Geoffrey A. Lindley*
GEOFFREY A. LINDLEY
MATTHEW R. COURTNER

**RAINEY, KIZER, REVIERE & BELL, P.L.C.**
209 East Main Street
P.O. Box 1147
Jackson, TN 38302-1147
Tel: (731) 423-2414

## **APPENDIX A**

In consideration for $_____ paid to me by my former employer, *A + Care Solutions, Inc.*, in connection with the resolution of *EEOC v. A + Care Solutions, Inc.*, Civil Action No. 1:18-cv-01188, I waive my right to recover for any claims of discharge based on pregnancy arising under Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978 that I had against A + Care Solutions, Inc. prior to the date of this release and that were included in the claims alleged in in *EEOC v. A + Care Solutions, Inc.*

Signature: _____  Date: _____

## **APPENDIX B**

NOTICE TO EMPLOYEES

A+ Care Solutions, Inc. posts this Notice as part of a Consent Decree entered by the United States District Court for the Western District of Tennessee.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended (Title VII), employers, including A+ Care Solutions, Inc., are prohibited from discriminating against an employee or applicant because the employee or applicant is pregnant. Title VII also prohibits retaliation against any employee who files a charge of discrimination, who opposes unlawful activity, or who cooperates in the investigation of a charge or otherwise exercises his or her rights under Title VII.

A+ Care Solutions, Inc. supports and will fully comply with federal law in all aspects and will not take any action against any individual because they have exercised their rights under the law.

Specifically, A+ Care Solutions, Inc. prohibits pregnancy discrimination by executive officers, management, and non-management employees and will take prompt and appropriate action to correct and prevent any such behavior.

A+ Care Solutions, Inc. encourages any employee who believes he or she has suffered discrimination based on race, color, religion, sex, pregnancy, national origin, age, disability, or genetic information to make an internal complaint of discrimination or contact the Equal Employment Opportunity Commission (EEOC) directly at 1-800-669-4000. In compliance with federal law, A+ Care Solutions, Inc. will not retaliate in any manner against any individual who makes an internal complaint of discrimination or who contacts the EEOC.

This Notice shall remain posted for a term of two (2) years.

SIGNED THIS ____DAY OF _____, 2019

_____
ANTONIO WHITE
Chief Executive Officer
A+ Care Solutions, Inc.

**APPENDIX C**

**Guaranty of Future Payments**

The undersigned, Antonio White, an individual ("Guarantor"); in consideration of the settlement of the claims, alleged by the U.S. Equal Employment Opportunity Commission (the "EEOC") and Intervenor, in the matter of EEOC, et al. v. A+ Care Solutions, Inc., Civil Action No. 1:18-cv-01188 (the "Lawsuit"), does personally, hereby unconditionally guarantee the last six months of the twenty-four (24) month term of payment (a total of $37,500.00), as detailed in Paragraph 11 of the Consent Decree, entered into as part of the Lawsuit, a copy of which is attached hereto and made a part hereof (the "Consent Decree").

Guarantor acknowledges, represents, and warrants that he is the owner and Chief Executive Officer of A+ Care Solutions, Inc., and that A + Care Solutions, Inc.'s agreement to the Consent Decree, with his Guaranty of Future Payments, is in the best interest of both Guarantor and A + Care Solutions, Inc., and that the EEOC's agreement to the Consent Decree, with the Guaranty of Future Payments of Guarantor, constitutes good and sufficient consideration for such Guaranty of Future Payments by Guarantor.

It is recognized and agreed that this Guaranty of Future Payments is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the agreement of Guarantor to execute this Guaranty of Future Payments.

Guarantor also agrees that the EEOC is not first required to enforce against A + Care Solutions, Inc., with respect to any liability, obligation, or duty guaranteed by this Guaranty of Future Payments, before seeking enforcement thereof against the Guarantor. EEOC and Guarantor acknowledge that this is a Guaranty of Future Payments and not a Guaranty of Collection. The parties hereto acknowledge that a lawsuit may be brought and maintained against the Guarantor, as provided in the Consent Decree, subject to the Dispute Resolution provision found at Section XIX therein, to enforce any liability, obligation or duty guaranteed by this Guaranty of Future Payments, without the necessity of joining A+ Case Solutions, Inc. or any other person or entity in such lawsuit.

Should A+ Care Solutions miss any timely payment under Section VII of the Consent Decree which Guarantor has guaranteed, Guarantor hereby agrees that any litigation and/or action related to or arising from this Guaranty shall be brought only in the United States District Court for the Western District of Tennessee, Eastern Division, in accordance with the enforcement provisions in this Consent Decree.

**EXECUTED** to be effective as of this _____ day of _____, 2019.

**GUARANTOR:**

_____
Antonio White, individually and personally

Address:

Phone: